MILLER *v.* DUNHAM.

FRAUDULENT CONVEYANCES—BILL TO SET ASIDE—EVIDENCE.
*The question in this case was one entirely of fact, and the decree of the court below affirmed.

Appeal from Clinton; Daboll, J.    Submitted October 4, 1900.    Decided October 31, 1900.

Bill by Theodore Miller and William H. Fernwood against Paul E. Dunham, Alice A. Dunham, William L.

* Head-note by GRANT, J.

B. Dunham, and others, in aid of execution. From a decree dismissing the bill, complainants appeal. Affirmed.

*Richard Price*, for complainants.

*Russell C. Ostrander*, for defendants.

GRANT, J. On December 11, 1896, complainants recovered a judgment against the defendant Paul E. Dunham for $953.90, being for merchandise sold by them to said Dunham between September 1 and November 27, 1888, and interest thereon. An execution was issued to the sheriff on May 25, 1898, and levy made upon two parcels of farming land, containing 40 acres each. One of these pieces was deeded by Paul to his wife, defendant Alice, on August 23, 1888, and the deed was recorded November 27th of the same year. On September 12, 1891, he deeded the other 40 acres to his father, W. L. B. Dunham, defendant. Subsequently the bill in this case was filed in aid of the execution, to declare that the original conveyances and others, including deeds and mortgages which have since been made, were made with the intent to defraud creditors. One of these 40 acres was, at the date of the deed, the homestead of Paul, and was occupied as such homestead for four years. In 1888, Paul was engaged in the hardware business in Lansing. He became involved, and gave a chattel mortgage to one of his creditors. Others obtained judgments against him, and levied upon the stock. He finally transferred the stock to the mortgagee, who assumed and paid the judgment lienors. Ten years elapsed between the date of the first deed and the commencement of this suit, and about seven years between the date of the second deed and the commencement of suit. Defendant William L., the father of Paul, purchased the stock, and afterwards took in a partner by the name of Price, under a written contract which appears in the record. It is now urged that Paul was the real party in interest in that business. The entire business transactions of Paul and William L. and others

for those years appear in the record, and the transfers of property, the considerations for which were testified to by the various witnesses.

The question is one entirely of fact. Testimony was taken in open court. The learned circuit judge found that there was no fraud on the part of the defendants; that one 40 was a homestead at the time; and dismissed complainants' bill. It would serve no good purpose to give a résumé of the testimony, which is very lengthy, and the reasons for sustaining the decree. We are of the opinion that the circuit judge reached the correct conclusion.

The decree is therefore affirmed, with costs.

The other Justices concurred.